

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Dawson
County Attorney
San Patricio County
Sinton, Texas

Dear Sir:

Opinion Number O-5219
Re: Election of trustees of
independent school dis-
trict by special act.

We have received your letter of recent date which we quote in part as follows:

"The Gregory Independent School District was created by special act of the legislature in 1921. Such act may be found in Gammel's Laws of Texas, Volume 31, page 139.

"The writer desires to know whether the school trustees of such independent school district are elected according to the terms of Article 2777 of Vernons Annotated Civil Statutes, or under provisions of Article 2777a of Vernons Annotated Civil Statutes, or whether some other statute regulates the election of the trustees and the terms for which they hold office."

Article 2777a, Vernon's Annotated Civil Statutes, provides in part as follows:

"Sec. 1. In all Independent Districts, in-cluding cities of a population of more than 200,000 according to the last preceding Federal

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Census, and in all Independent School Districts comprising such cities, the term of office of the Board of School Trustees shall be six years.

"Sec. 2. In any such city or town constituting an Independent School District, * * *

"Sec. 3. In all such Districts * * *

"Sec. 4. Notice of all elections for trustees in Independent School Districts theretofore created by special Act of the Legislature and having included within their boundaries a city whose population was in excess of 200,-000 * * *."

At first glance it might appear that Section 1 applies to all independent school districts and also to independent school districts having therein a city of more than 200,000 inhabitants and to such districts comprising such cities. However, we are of the opinion that Section 1 covers only independent school districts in which there is located a city of more than 200,000 inhabitants and such districts comprising such cities. In the first place, if the Legislature intended to cover all independent school districts, then the phrase "including cities of a population of more than 200,000 according to the last preceding Federal Census" would be entirely unnecessary. In the second place, the caption of the original Act (Acts 42nd Leg., R. S., S. B. 222, Ch. 317) provides in part as follows:

"An Act fixing the number and term of office of school trustees in Independent Districts having a population of more than 200,000 by the last preceding Federal Census * * *."

The caption clearly shows that all independent school districts were not included, but, rather, only those of more than 200,000 inhabitants. See Smith v. Morton Independent School Dist. (W. E. Dism.), 85 S. W. (2d) 853, which held to this effect.

Article 2777a is, therefore, not applicable to the Gregory Independent School District for two reasons: (1) There is no city of more than 200,000 inhabitants located within the Gregory district; (2) The Gregory district is not a city-controlled district.

Article 2777, Vernon's Annotated Civil Statutes, reads as follows:

"The seven candidates receiving the largest number of votes at the first election, and the three or four candidates receiving the largest number of votes at all subsequent elections, shall be entitled to serve as trustees hereunder. Those elected at the first election shall determine by lot the term for which they are to serve. The four members drawing numbers one, two, three and four shall serve for one year, and the three members drawing the numbers five, six and seven shall serve two years, or until the second of April thereafter, and until their successors are elected and qualified; and regularly thereafter on the first Saturday in April of each year, four trustees and three trustees, alternately, shall be elected for a term of two years, to succeed the trustees whose term shall at that time expire. The members of the board remaining after a vacancy shall fill the same for the unexpired term."

The Gregory Independent School District was created by special act: Acts 1921, 37th Legislature, 1st Called Session, Special Laws, House Bill No. 66, Chapter 42, page 139. We are informed by the State Department of Education that this Act has not been amended. Section 3 of said Act vested the management and control of the district in a board of seven trustees and appointed seven individuals as the first board of trustees who should serve "until the next general election for such trustees, at which time there shall be elected a full board of seven trustees * * *."

With respect to the terms of office of such trustees we quote from said Section 3 as follows:

"The terms of office of the seven trustees chosen at the first general election after the passage of this Act shall be divided into two classes, and the members shall draw the different classes, the four drawing numbers one, two, three and four, shall serve one year, that is, until the next succeeding regular election of trustees of independent school districts and until their successors shall have been duly elected and qualified; and the three members drawing numbers five, six and seven, shall serve two years, that is, until the second succeeding general election of trustees of independent school districts, until their successors shall have been duly elected and qualified, and regularly thereafter each year four trustees and three trustees alternately shall be elected for a term of two years to succeed the trustees whose terms shall at that time expire."

Section 4 of House Bill No. 66 provides in part as follows:

"The Board of trustees of said Gregory Independent School District are hereby vested and charged with all the rights, powers, privileges and duties conferred and imposed by the General Laws of this State upon trustees of independent school districts created and organized under the General Laws of this State."

Although the words used in Article 2777 and that part of Section 3 above quoted are somewhat different, their effect is the same: namely, that the four trustees drawing the first four numbers should serve for one year and the three

trustees drawing the last three numbers should serve for two years, and that regularly each year thereafter four trustees and three trustees, alternately, shall be elected for a two year term. Article 2777 supplies the date, the first Saturday in April, as the regular date for the election of independent school district trustees.

You are, therefore, advised that in view of the similarity of Section 3 of House Bill No. 66 and Article 2777, trustees of the Gregory Independent School District should be elected in accordance with the terms of said Article 2777.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (s) George W. Sparks
George W. Sparks
Assistant

GWS-s
OWS-JP

APPROVED APR 22, 1943
(s) Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
Opinion Committee
By B. W. B., Chairman

O.K. C. C. R.